UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X

STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 PENSION FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 WELFARE FUND; STEPHEN FLANAGAN, as Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 ANNUITY FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 LABORERS' EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 GREATER NY LABORERS' EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST FUND; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 TRAINING PROGRAM; STEPHEN FLANAGAN, as a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 NEW YORK STATE HEALTH AND SAFETY FUND; STEPHEN FLANAGAN, as Business Manager of GENERAL BUILDING LABORERS' LOCAL UNION NO. 66 of the LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,

**CASE NO.**
13-CV-6024 (SJF)(SIL)

**FILED**
**CLERK**

3/1/2016 11:14 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

        Plaintiff,

  -against-

CITI GROUP DEMOLITION PARTNERS, INC. and
DAVID VITTOR,

        Defendants.

------------------------------------------------------------------------------X

FEUERSTEIN, J.

  Plaintiff, Stephen Flanagan ("Trustee" or "Plaintiff"), as a trustee and fiduciary for various labor-management trust funds and multiemployer benefit plans, has moved for summary judgment against Citi Group Demolition Partners, Inc. ("Citi Group") and David Vittor ("Vittor," and with Citi Group, "Defendants"), seeking damages in the amount of Defendants' unpaid employer contributions, interest, liquidated damages, attorneys' fees, costs, and an administrative services fee pursuant to the Employee Retirement Income Security Act of 1974

("ERISA") and two (2) collective bargaining agreements. Defendants have not opposed the motion. For the reasons stated below, Plaintiff's motion for summary judgment is granted, its motion to amend the motion for summary judgment is granted, and judgment is entered for Plaintiff in the amount of $121,357.47.

## I. BACKGROUND[1]

The General Building Laborers' Local 66 Pension Fund, General Building Laborers' Local 66 Welfare Fund, General Building Laborers' Local 66 Annuity Fund, General Building Laborers' Local 66 Laborers' Employer Cooperative and Educational Trust Fund, General Building Laborers' Local 66 Greater NY Laborers' Employer Cooperative and Educational Trust Fund, and General Building Laborers' Local 66 New York State Health and Safety Fund (collectively, the "Funds") are labor-management trust funds established pursuant to the Taft-Hartley Act § 186(c)(5) and multiemployer benefit plans pursuant to the ERISA §§ 1145, 1002(3) and (37).

Citi Group is a construction company incorporated and based in New York. DE 1, at ¶¶ 6, 8-9. David Vittor "is and was an officer and/or director and/or shareholder and/or agent" of Citi Group. *Id.* at ¶ 7.

The General Building Laborers' Local Union No. 66 of the Laborers' International Union of North America, AFL-CIO (the "Union") and Defendants are parties to two (2) collective bargaining agreements ("CBAs") pursuant to which Defendants are obligated to make employer contributions to the third-party beneficiary Funds. *Id.* at ¶ 9.

---

[1] Plaintiff has not filed a Federal Rule of Civil Procedure 56.1 Statement of Facts with his motion for summary judgment. Unless otherwise noted, the following facts are drawn from Plaintiff's memorandum of law, affidavit, declarations, and exhibits filed in support of the motion for summary judgment, and the facts presented herein are accepted as true. *See* DE 46.

2

On October 30, 2013, Plaintiff commenced an action in this Court, alleging that Defendants had made some, but not all, of their required fringe benefit contributions to the Funds from October 31, 2010 to December 15, 2012, inclusive. DE 1. On March 18, 2015, Defendants answered the complaint and filed a counterclaim. DE 37. Plaintiff answered the counterclaim on April 27, 2015. DE 39. On October 28, 2015, Plaintiff moved for summary judgment, and on February 18, 2016, moved to amend its summary judgment motion. DE 46, 57. Defendants did not oppose the motion for summary judgment.

## II. DISCUSSION

### A. *Standard of Review: Motion for Summary Judgment*

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (internal quotation marks omitted). "Summary judgment is appropriate when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Smith v. Cnty. of Suffolk*, No. 13-cv-1230, 2015 WL 161701, at *5 (2d Cir. Jan. 14, 2015) (citing *Matsushita Elec. Indus.*

*Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

"Where the undisputed facts reveal that there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements become immaterial and cannot defeat a motion for summary judgment." *Chandok v. Klessig,* 632 F.3d 803, 812 (2d Cir. 2011); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding that summary judgment is appropriate when the non-moving party has failed to make a sufficient showing on an essential element for which it bears the burden of proof).

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). If the moving party satisfies its initial burden, "the burden shifts to the non-movant to point to record evidence creating a genuine issue of material fact." *Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006). "A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory . . . or based on speculation." *Major League Baseball Prop., Inc. v. Salvino, Inc.,* 542 F.3d 290, 310 (2d Cir. 2008). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Hayut v. State Univ. of New York*, 352 F.3d 733, 743 (2d Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)) (alterations in original). The non-movant "must set forth specific facts indicating a genuine issue for trial exists in order to avoid the granting of summary judgment." *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996). Where a motion for summary judgment is unopposed, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677,

681 (2d Cir. 2011).

B. *Burden of Proof: ERISA Actions*

In an ERISA action, the funds bear the initial burden of proof to "establish a prima facie case by demonstrating the inaccuracy of the employer's contributions." *Natale v. Cent. Parking Sys. of New York, Inc.*, 958 F. Supp. 2d 407, 411 (E.D.N.Y. 2013) (internal citation omitted). Upon the funds' satisfaction of their initial burden, the burden shifts to the employer to "produce evidence showing the precise amount of work performed by the employee." *Id.* at 414 (internal citation omitted). When the funds move for summary judgment, it is "claiming that the [d]efendant [employer] will not be able to meet its higher ERISA burden at trial, after the burden is shifted." *Id.* (internal citation omitted).

C. *Defendants are Liable for Their Unpaid Contributions and Associated Monetary Damages*

Pursuant to Section 515 of the ERISA, an "employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. An "employer" is "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . ." 29 U.S.C. § 1002(5). Where an employer fails to make its required contributions, a fiduciary of the multiemployer plan may bring an action to compel the employer to pay the full amount of its unpaid, delinquent contributions. 29 U.S.C. § 1132(g)(2)(A). The court shall award to the plan:

> A) the [employer's] unpaid contributions;
> B) interest on the unpaid contributions;
> C) an amount equal to the greater of—
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in

5

excess of 20 percent . . . of the amount [of unpaid contributions] determined by the court . . . ; [and]

D) reasonable attorney's [sic] fees and costs.

29 U.S.C. § 1132(g)(2).

Defendants are "employer[s]" pursuant to 29 U.S.C. § 1002(5) and are obligated to contribute to the Funds pursuant to 29 U.S.C. § 1145 and Articles Six (6) and Eleven (11) of the two (2) collective bargaining agreements. Plaintiff has established that Defendants violated Article Six (6), Section 7(b) of the CBAs by failing to make all of their required fringe benefits and contributions to the Funds. Defendants' unpaid fringe benefits and dues total $88,344.05, minus $30,000 that Plaintiff is holding in escrow; Defendants remain liable for their unpaid contributions in the amount of $58,344.05. DE 57, at ¶ 3.

Defendants are further obligated to pay interest and liquidated damages on their unpaid fringe benefits and dues pursuant to 29 U.S.C. § 1132(g)(2). *See* 29 U.S.C. §§ 1132(g)(2)(B) and (C). Plaintiff has shown that Defendants owe $8,029.59 in pre-judgment interest and $37,437.21 in liquidated damages. DE 57, at ¶¶ 6, 8, 15. Defendants are also liable for Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D). *See Flanagan v. W.F. Walsh-Structures, Corp.*, No. 05-cv-691, 2012 WL 4483867, at *5 (E.D.N.Y. Aug. 23, 2012) ("Under the express provisions of ERISA, an award of costs and reasonable attorneys' fees, in an action such as this, to recover unpaid union fringe benefit contributions, is mandatory.") (report and recommendation), *adopted by*, 2012 WL 4482814, at *1 (E.D.N.Y. Sept. 27, 2012). Attorneys' fees for Plaintiff total $7,916.62, corresponding to approximately 31.7 billable hours at a billable rate of $250.00 per hour. DE 57, at ¶¶ 11, 12, 15. Defendants also owe $565.000 in court costs. *See id.* at ¶ 15. Pursuant to Article Six (6), Section 7(b) of the CBAs, Defendants are also liable for an "administrative service fee" of $5.00 "for every stamp

for which the . . . Funds prepared or corrected an entry on a remittance report, due to the non-submission, incomplete or incorrect submission of a remittance report" by Defendants. DE 46-5, Ex. A-3, at 7. Plaintiff has established that the Funds either prepared or corrected 1,813 stamps at $5.00 each, for a total administrative service fee of $9,065.00. DE 57, at ¶ 14. Thus, for the period from October 31, 2010 to December 15, 2012, Defendants are liable to Plaintiff for a total of $121,357.47.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is granted, its motion to amend the motion for summary judgment is granted, and the Clerk of the Court is directed to enter judgment in favor of Plaintiff in the amount of $121,357.47 and to close the case.

**SO ORDERED.**

                                                 s/ Sandra J. Feuerstein
                                                 Sandra J. Feuerstein
                                                 United States District Judge

Dated: March 1, 2016
       Central Islip, New York